Opinion by OLIVER, P. J.   It was stipulated that certain items of the merchandise consist of colorless transparent glass beads similar in all material respects to those the subject of Abstract 39360, and that other items consist of beads the same as those involved in *Eitinger Bead Co.* v. *United States* (13 Cust. Ct. 50, C. D. 867).   In accordance therewith the merchandise was held properly dutiable at 35 percent under paragraph 1503, or at 20 percent under the same paragraph as modified by T. D. 49458.

**No. 50549.**—Protest 106783–K of Alfred Dunhill of London, Inc. (New York).

Opinion by OLIVER, P. J.   It was held that as the French Trade Agreement specifically provides for duty on parts, such rate must prevail, even though the later British Trade Agreement provides for a lower rate of duty on cigar and cigarette lighters, since no modification of the rates of duty on parts was made in the said British Trade Agreement.   In the absence of a specific provision therefor, parts of an article will not be included within an *eo nomine* designation of the article itself (*Murphy & Co.* v. *United States*, 13 Ct. Cust. Appls. 256, T. D. 41201). The protest was overruled.

**No. 50550.**—Protest 947300–G of E. P. Paul & Co., Inc. (New York).

Opinion by OLIVER, P. J.   It was agreed between the parties that the sets are not entireties, and the claim is therefore limited to the tray.   At the trial it was stipulated that the tray is a table or kitchen article or utensil composed wholly or in chief value of glass, pressed and unpolished, except that the bottom surfaces of the two legs thereof are ground and then polished for purposes other than ornamentation, to wit, to make the said bottom surface smooth and level.   It was held that the articles, while made of pressed glass, not having been decorated or ornamented in any manner, having been ground for purposes other than ornamentation, and polished, are not properly classifiable under paragraph 218 (g).   The court therefore found the glass articles in question to be properly dutiable at 50 percent under paragraph 230 (d).

BEFORE THE THIRD DIVISION, OCTOBER 3, 1945

**No. 50551.**—Protests 13959–K, etc., of Fujii Junichi Shoten, Ltd., et al. (Honolulu).

Opinion by Cline, J. It was stipulated that the merchandise is similar in all material respects ·to that the subject of *United States* v. *Nippon Co.* (32 C. C. P. A. 164, C. A. D. 303), which record was admitted in evidence herein. In accordance therewith certain items of the merchandise were held entitled to free entry under paragraph 1705 as kelp and other items were held dutiable at 10 percent under paragraph 1540 as seaweeds, manufactured.

**No. 50552.**—Protests 47247–K, etc., of American Customs Brokerage Co., Ltd., et al. (Honolulu).

Opinion by Cline, J. It was stipulated that the merchandise is similar in all material respects to that the subject of *United States* v. *Nippon Co.* (32 C. C. P. A. 164, C. A. D. 303), which record was admitted in evidence herein. In accordance therewith certain items of the merchandise were held entitled to free entry under paragraph 1705 as kelp and other items were held dutiable at 10 percent under paragraph 1540 as seaweeds, manufactured.

**No. 50553.**—Protests 81463–K, etc., of Hilo Rice Mill Co., Ltd., et al. (Honolulu).

Opinion by Cline, J. It was stipulated that the merchandise is similar in all material respects to that the subject of *United States* v. *Nippon Co.* (32 C. C. P. A. 164, C. A. D. 303), which record was admitted in evidence herein. In accordance therewith certain items of the merchandise were held entitled to free entry under paragraph 1705 as kelp and other items were held dutiable at 10 percent under paragraph 1540 as seaweeds, manufactured.

**No. 50554.**—Protests 987698–G, etc., of Tsudama Co. (San Francisco).

Opinion by Cline, J. It was stipulated that the merchandise is similar in all material respects to that the subject of *United States* v. *Nippon Co.* (32 C. C. P. A. 164, C. A. D. 303), which record was admitted in evidence herein. In accordance therewith certain items of the merchandise were held entitled to free entry under paragraph 1705 as kelp and other items were held dutiable at 10 percent under paragraph 1540 as seaweeds, manufactured.

**No. 50555.**—Protests 69130–K, etc., of Daimaru Co. et al. (San Francisco).

Opinion by Cline, J. In view of the stipulation and the cited authorities, which records were admitted in evidence herein, the merchandise in question was held dutiable as follows: (1) Certain items similar in all material respects to those the subject of *United States* v. *Nippon Co.* (32 C. C. P. A. 164, C. A. D. 303), were held entitled to free entry under paragraph 1705 as kelp, and other items were held dutiable at 10 percent under paragraph 1540 as seaweeds, manufactured; and (2) merchandise the same as that the subject of *Enbun* v. *United States* (19 C. C. P. A. 79, T. D. 45224) was held dutiable at 1¼ cents per pound under paragraph 717 (c) as dried fish.

**No. 50556.**—Protest 36831–K of S. Hata Shoten, Ltd. (Honolulu).